E-Filed 2/24/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPTUS ADMINISTRATION PTY LIMITED,<br><br>Applicant. | Case No.  16-mc-80013-HRL<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Optus Administration Pty Ltd. ("Optus") applies to this court under 28 U.S.C. § 1782 for leave to obtain discovery from Sunnyvale-based Yahoo! Inc. ("Yahoo") for use in foreign proceedings. Optus sues former employee Elif Ketencioglu in the Supreme Court of New South Wales for the unauthorized disclosure of confidential information and for breach of her implied duty of fidelity to Optus. Dkt. No. 1 at 1-2. Optus also sues Elif's husband, Sinan Ketencioglu, seemingly for aiding in the unauthorized disclosure of confidential information. Optus filed the case when its employees discovered Elif, just before leaving Optus in order to work for a rival company, had sent confidential strategic information to her own Yahoo! email account and also to the account of her husband. *Id.*

Defendants provided their Yahoo email account credentials to Optus in the course of the litigation in Australia. Optus reviewed Defendants' online mailboxes and concluded that pertinent emails had been deleted and could not be accessed without assistance from Yahoo. Dkt. No. 1 at 3. Optus requested information from Yahoo7, an Australian corporate affiliate of Yahoo, and Yahoo7 provided information for Sinan's account. Yahoo7 asserted, however, that Elif subscribes to email service through Yahoo rather than Yahoo7 and therefore Optus must seek information about Elif's email account from Yahoo. Dkt. No. 1 at 53. Optus therefore seeks leave to subpoena Yahoo.

**Discussion**

Optus requests judicial notice of supporting exhibits A-5 through A-9. A court "may take judicial notice of the "public records of governmental entities" and of "undisputed information on a private entity's website." *In re Ex Parte Application of Jommi*, 13-mc-80212-CRB-EDL, 2013 WL 6058201 at *2 n.1 (N.D. Cal. Nov. 15, 2013). A court "shall take judicial notice if requested by a party and supplied with the necessary information." *Mullis v. United States Bank*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) (interpreting Fed. R. Evid. 201(c)). The exhibits offered by Optus include court records from the Supreme Court of New South Wales, an Australian federal-court opinion, details about Yahoo from the California Secretary of State's site, and Yahoo's privacy policy for email users. Exhibits A-5 through A-8 are each judicially noticeable public records from governmental entities. The court has also verified that the email privacy policy that Optus downloaded and submitted, exhibit A-9, is the same email privacy policy that Yahoo presently proffers on its website. The court concludes the exhibits at issue are each either reliable government records or else information from a private entity's website that is not subject to serious dispute. The court therefore grants the request for judicial notice of these exhibits.

A district court has authority to grant an application under 28 U.S.C. § 1782 when the applicant seeks discovery from someone who resides in the district, the requested discovery is for use in a proceeding before a foreign tribunal, and the applicant is either a non-local tribunal or "any interested person." *In re Republic of Ecuador*, 10-mc-80225-CRB-EMC, 2010 WL 3702427 at *2 (N.D. Cal. Sep. 15, 2010). If the application satisfies these requirements, then the court considers four discretionary factors to determine whether to grant the application:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Ecuador*, *supra* (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)).

Optus's application meets the initial statutory requirements: Optus seeks discovery from Yahoo, which resides at its corporate headquarters in Sunnyvale; the requested discovery is for use in litigation before the Supreme Court of New South Wales, an Australian tribunal; and Optus, as a litigant in the foreign proceedings, qualifies as an "interested person." *Intel*, 542 U.S. at 256 (litigants "may be the most common example" of an interested person). The court therefore has authority to grant leave to obtain local discovery for the use of Optus in its Australian lawsuit. The court turns to the discretionary factors.

The jurisdictional-reach factor weighs in favor of granting the application if the applicant seeks discovery from a person who is not a party to the foreign litigation and that person does not reside within the foreign jurisdiction at issue. *See Intel*, *supra* at 264. Yahoo is not a party to Optus's case in New South Wales and Yahoo does not reside in New South Wales; this factor therefore weighs in favor of granting Optus's application. *E.g.*, *In re Ex Parte Application of Global Energy Horizons Corp.*, 15-mc-80078-PSG, 2015 WL 1325758 at *2 (N.D. Cal. March 24, 2015).

The second factor—the nature of the foreign tribunal, the character of the foreign proceedings, the receptivity of the foreign tribunal to assistance from U.S. federal courts—also favors Optus. Here, the foreign tribunal is the highest court in the Australian state of New South Wales. *See* www.supremecourt.justice.nsw.gov.au. The Supreme Court of New South Wales has stated that Elif "does not oppose the issuing of" the subpoena Optus seeks and has ordered Elif to "co-operate so far as is reasonably practicable in whatever other process is required . . . by a Court in order to obtain the Relevant Documents." Dkt. No. 1 at 106. The Supreme Court of New South Wales is therefore receptive to the issuance of the subpoena requested by Optus as a means of gathering relevant information.

Likewise, the circumvent-foreign-restrictions factor weighs in favor of Optus. The application is not an attempt to circumvent Australian restrictions on discovery; rather, as discussed, the application requests leave to subpoena information that the Supreme Court of New South Wales has directed the parties to procure.

Finally, the fourth factor—whether the subpoena contains unduly intrusive or burdensome

3

1 requests—also favors Optus. The subpoena requests: (1) information about emails sent from Elif's Yahoo account between January 1, 2015 and January 1, 2016; (2) copies of sent emails which forwarded an email initially received from an Optus email account or which had any specifically listed confidential documents as attachments; and (3) copies of sent emails that contain specific keywords. Dkt. No. 1 at 174-175. The court agrees with Optus that Yahoo, a company that parses its stored email data in order to target advertisements and generate revenue, shall not be unduly burdened by the subpoena. Dkt. No. 1 at 6-7; *accord In re Roebers*, 12-mc-80145-RS-LB, 2012 WL 2862122 at *3 (N.D. Cal. July 11, 2012).

With each statutory requirement satisfied and with each discretionary factor weighing in favor of Optus, the court grants Optus leave to serve Yahoo with the proposed subpoena.

**IT IS SO ORDERED.**

Dated: 2/24/16

_____
HOWARD R. LLOYD
United States Magistrate Judge